UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN THOMAS PULSKAMP, | ) | Case No. CV 20-6484-GW (JPR) |
| Petitioner, | ) ) ) | ORDER ACCEPTING REPORT AND |
| v. | ) ) | RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| KATHLEEN ALLISON, | ) ) | |
| Respondent. | ) ) ) ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge, which recommended that Respondent's motion to dismiss the FAP as partially unexhausted be granted unless within the time for filing objections to the R. & R. Petitioner took one of several actions.  On June 16, 2021, Petitioner filed Objections to the R. & R., again asserting that his claims are all exhausted and declining to exercise any of the options laid out by the Magistrate Judge.

As the Magistrate Judge explained (see R. & R. at 5-7), the federal portion of Petitioner's ground five has never been exhausted in state court.  Although Petitioner continues to believe that he raised that argument on direct appeal (see Objs.

1

at 1-2), in fact his supreme-court briefing rested on state law only (see R. & R. at 5-6). He was given the opportunity to remedy the FAP's exhaustion problem and has declined to do so despite being warned that the FAP would likely be dismissed if he didn't.[1] (See id. at 3, 6-8.) Accordingly, because the FAP remains partially unexhausted, it must be dismissed. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

Having reviewed de novo those portions of the R. & R. to which Petitioner objects, the Court agrees with and accepts the findings and recommendations of the Magistrate Judge. IT THEREFORE IS ORDERED that Respondent's motion to dismiss is granted and that judgment be entered dismissing this action without prejudice.[2]

DATED: August 16, 2021

_____
GEORGE H. WU
U.S. DISTRICT JUDGE

---

[1] Petitioner claims that he "attempted to file a 'Reply' to Respondent's motion to dismiss" but the Magistrate Judge wouldn't let him. (Objs. at 2.) But the Magistrate Judge simply refused to allow him to refile a document that had already been filed even though it was unauthorized. In an April 14 motion for leave to file a response to Respondent's reply to his opposition to the motion to dismiss, Petitioner stated that he wanted to file his February 23 response because it had been "marked as 'received' but not filed." (Notice, ECF No. 20 at 2.) But in fact, as the Magistrate Judge pointed out in denying his request (id. at 1), the February 23 response was ordered filed even though it was unauthorized. (See Resp., ECF No. 19; see also ECF No. 18 (Magistrate Judge citing Local Rule 7-10 and noting that responses to replies are not authorized absent prior court permission but ordering response filed anyway).)

[2] The Court takes no position on whether any subsequent petition raising these same claims would be timely or otherwise procedurally proper.